**Beverly WHELCHEL, Appellant–Defendant,**

v.

**COMMUNITY HOSPITALS OF INDIANA, INC., Appellee–Plaintiff.**

No. 49A04–9308–CV–315.

Court of Appeals of Indiana, Fourth District.

Feb. 28, 1994.

Rehearing Denied April 12, 1994.

Transfer Denied July 22, 1994.

Timothy Logan, M. Robert Benson, Benson, Pantello, Morris & James, Fort Wayne, for appellant-defendant.

Phyllis J. Emswiller, Indianapolis, for appellee-plaintiff.

RILEY, Judge.

## STATEMENT OF THE CASE

Defendant–Appellant Beverly Whelchel (Whelchel) appeals from the denial of her motion for relief from default judgment. We reverse.

## ISSUE

One issue is dispositive of this appeal: Whether the trial court abused its discretion in denying Whelchel's motion for relief from default judgment.

## FACTS AND PROCEDURAL HISTORY

The record reveals that Whelchel was indebted to Plaintiff–Appellee Community Hospitals of Indiana, Inc. (Community) for hospital services rendered in the amount of $5,233 plus interest.[1]  After making a formal

---

1. The applicable interest was calculated to be $488.75, thus making the total debt $5,721.75.

demand for payment and hearing no response from Whelchel, Community filed suit against her in the Marion County Municipal Court. Whelchel was served with complaint and summons on or about January 27, 1993.

Whelchel did not answer Community's complaint and failed wholly to defend the action. Community filed a motion for default judgment which the trial court granted in February, 1993. Pursuant to the order, default judgment was entered for Community in the amount of $5,721.75.

Promptly thereafter counsel entered an appearance on behalf of Whelchel. Filed contemporaneously with the appearance was an affidavit of counsel addressing the misunderstanding of counsel and a motion for relief from default judgment pursuant to Ind.Trial Rule 60(B)(1).

The record reflects that on or about January 27, 1993, Whelchel also received a summons to appear in the Hamilton County Small Claims Court. Whelchel contends that she did not realize that these legal documents related to two separate actions against her. Counsel testifies in his affidavit that his office was contacted to represent Whelchel in an action brought by Community. Whelchel thereafter sent the materials to counsel via facsimile, and based on said materials, counsel was alerted only to the Hamilton County action. Counsel appeared and defended the Hamilton County action. Immediately upon being notified by Whelchel of the default judgment in the Marion County action, counsel entered an appearance in her behalf and filed the *motion for relief from default judgment* based on his excusable neglect with respect to his belief that only one action was pending against his client.

After hearing oral argument on the motion for relief from judgment, the trial court denied the motion. Whelchel appeals from this denial of relief from judgment.

## DISCUSSION AND DECISION

■ Our standard of review on the denial of a motion for relief from default judgment is limited to determining whether the trial court abused its discretion. *LaPalme v. Romero* (1993), Ind., 621 N.E.2d 1102, 1104,

*reh'g denied* (citations omitted). An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Summit Account & Computer v. Hogge* (1993), Ind.App., 608 N.E.2d 1003, 1005 (citations omitted). The trial court's decision on a motion for relief from default judgment is given substantial deference on appeal. *LaPalme,* 621 N.E.2d at 1104. Therefore, absent an unequivocal abuse of discretion, the trial court's judgment will not be lightly disturbed.

■ The decision of whether to grant or deny a motion for relief from default judgment is within the equitable discretion of the trial court. *Graham v. Schreifer* (1984), Ind. App., 467 N.E.2d 800, 802. Trial Rule 60(B) provides in pertinent part that

> [o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, *including a judgment by default,* for the following reasons: (1) mistake, surprise, or excusable neglect.

T.R. 60(B)(1). (emphasis provided). Whelchel contends that she has met the requirements of T.R. 60(B) in that she has presented evidence of excusable neglect and a meritorious defense. We agree. Whelchel contends that she "simultaneously received a [c]omplaint on [a]ccount and a nondescript [n]otice to [a]ppear, and understandably failed to make a distinction between the pleading and summons." Appellant's Brief at 16.

We follow the lead of our supreme court in *Whittaker v. Dail* (1992), Ind., 584 N.E.2d 1084, wherein the court held that "where the unchallenged credible testimony establishes a breakdown in communication which results in a party's failure to appear for trial, the grounds for setting aside a default judgment, as specified in Indiana Trial Rule 60, have been satisfied and the trial court should set aside such default judgment." *Id.* at 1087. In *Whittaker,* the defendant mistakenly assumed that his insurance carrier had employed an attorney to represent him. The insurance company's adjuster testified at the hearing on the motion to set aside that she contacted an attorney and believed that she

had employed him to represent Whittaker. However, the attorney testified that while he was contacted by the adjuster, he mistakenly thought he was employed to file a declaratory judgment action against Whittaker and not to defend him.[2] The supreme court concluded that the evidence presented at the hearing was clear and unequivocal in showing that there was a "breakdown of communication", and that Whittaker legitimately believed that his insurance carrier would retain counsel for him. *Id.*

The *Whittaker* court expressly agreed with Judge Rucker's dissent in our appellate decision,[3] wherein Judge Rucker analogized *Whittaker* to the facts in *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288. In *Boles* the trial court set aside its initial entry of default judgment after hearing evidence of a breakdown in communication between defendant's insurance carrier and plaintiff's insurance carrier. We reversed, finding that the breakdown in communication alone did not support a finding of excusable neglect. *Boles v. Weidner* (1982), Ind.App., 440 N.E.2d 720, 722, *opinion vacated by Boles,* 449 N.E.2d 288. On transfer, our supreme court concluded that the breakdown in communication was sufficient to support a finding of excusable neglect and therefore the trial court did not abuse its discretion in finding the defendant's failure to appear to be excusable neglect. *Boles,* 449 N.E.2d 288. Thus, in his dissent in *Whittaker,* Judge Rucker concluded that

> there [was] ample evidence of a breakdown in communication between Whittaker's insurance carrier and the attorney ultimately hired to defend Whittaker. That breakdown in communication resulted in counsel not being present at trial to represent Whittaker. If the failure of the defendant in *Boles* to appear and defend the lawsuit is excusable, then under the circumstances the failure of defendant Whittaker to appear and defend his lawsuit is likewise excusable.

*Whittaker,* 567 N.E.2d at 828 (Rucker, J., dissenting).

■ Turning to the case here under consideration, the evidence before the trial court shows that there was a breakdown in communication between Whelchel and her counsel. Whether the breakdown in communication was attributable to facsimile malfunction or general misunderstanding of the legal documents by counsel is not clear. However, it is clear that neither Whelchel nor her counsel was aware of the pending lawsuit in Marion County. Based on counsel's prompt appearance in Hamilton County, we can reasonably deduce that he would have done the same in Marion County but for the misunderstanding. We find that the trial court did abuse its discretion in finding that Whelchel's conduct was not excusable in failing to appear and defend the lawsuit. The trial court's judgment was clearly against the facts and circumstances before it. There were sufficient facts presented to support granting the relief sought.

■ Having decided that Whelchel presented sufficient grounds for relief, we also decide that Whelchel presented sufficient evidence of a meritorious defense. A party moving for relief from default judgment must also make a prima facie showing of a meritorious defense to the judgment. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892 (citations omitted). A meritorious defense is one showing if the case was retried on the merits a different result would be reached. *Id.* Some admissible evidence must be presented to the trial court showing that the defaulted party would suffer an injustice if the judgment is allowed to stand. *Id.* Whelchel offered the affidavit of Dewayne L. Hull, M.D. Dr. Hull testified therein that based on his review of Whelchel's billing, there were "incidents of duplicate billing, inappropriate billing, and excessive billing for items. ..." (R. 37). We are

---

2. The trial court denied Whittaker's motion to set aside, and we affirmed. *Whittaker v. Dail* (1991), Ind.App., 567 N.E.2d 816. The supreme court reversed our decision finding that the trial court did abuse its discretion by not allowing Whittaker his day in court. *Whittaker,* 584 N.E.2d 1084.

3. *Whittaker,* 567 N.E.2d 816 (Rucker, J., dissenting).

satisfied that Whelchel met her burden of showing a meritorious defense.

"[I]n our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Whittaker,* 567 N.E.2d at 828 (Rucker, J., dissenting) (citations omitted). Whelchel should not be denied an opportunity to be heard.

## CONCLUSION

In view of these considerations, we find that the trial court's conclusion that excusable neglect had not been shown amounts to an abuse of its discretion. Accordingly, for the reasons stated above, the trial court's judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

MILLER and RUCKER, JJ., concur.