Kathy A. BUTLER, Appellant–Plaintiff,

v.

SHIPSHEWANA AUCTION, INC. and Dave Stewart, Appellees–Defendants.

No. 44A03–9707–CV–248.

Court of Appeals of Indiana.

Aug. 14, 1998.

Randal S. Forbes, Angola, for Appellant–Plaintiff.

Bodie J. Stegelmann, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for Appellees–Defendants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Kathy Butler (Butler) appeals from the motion to set aside default judgment entered in favor of Defendants–Appellees Shipshewana Auction, Inc. and Dave Stewart (hereinafter referred to individually as "Shipshewana Auction" and "Stewart").

We affirm.

### ISSUE

One issue is presented for our review: Whether the trial court abused its discretion when it granted Shipshewana Auction's motion to set aside default judgment.

### FACTS AND PROCEDURAL HISTORY

The relevant facts are not disputed. On April 19, 1996, Butler attended a horse auction at Shipshewana Auction in Shipshewana, Indiana, where she successfully bid on a horse that belonged to Stewart. In payment for the horse, Butler wrote a check to the Auction in the sum of $1,842.75. Butler received a receipt which was signed by the Auction's General Manager and contained the following language:

The Shipshewana Auction, Inc. has acted only as agents in the sale of the above stock. After transaction of sale is com-

plete of all livestock sold or handled through this auction sale, Shipshewana Auction, Inc. assumes no further responsibility. All warranties and representations are of seller only.

(R. 18). Three days later, the horse died.

On September 10, 1996, Butler filed a five count complaint against Shipshewana Auction and Stewart wherein she alleged fraud, breach of contract, breach of warranty of title, recision of contract and breach of express warranty. Butler requested judgment against the Auction only with regard to the allegations of fraud. The Auction received service of the summons and complaint by certified mail on September 11, 1996. The President of Shipshewana Auction, Kevin Lambright, acted as the corporation's registered agent.[1] On September 11, 1996, Lambright signed for the certified letter at the post office. No further action was taken by Shipshewana until January 30, 1997, when an appearance was entered on the Auction's behalf.

In the interim, Butler moved for default judgment, arguing that default judgment should be entered against the Defendants because they had neither appeared nor filed an answer to Butler's complaint. Specifically, Butler requested $52,469.73 in damages.[2] On December 16, 1996, the trial court entered a default judgment against the Defendants in the sum of $52,469.73.

On January 22, 1997, Butler filed a Verified Motion for Proceedings Supplemental. On January 29th, an appearance was entered on behalf of Shipshewana Auction. One week later, the Auction filed its answer and Motion to Set Aside Default Judgment. Following a hearing and taking the matter under advisement, the trial court granted the Auction's motion to set aside. Butler appeals from this order.

## DISCUSSION AND DECISION

### Standard of Review

 In granting Shipshewana Auction's motion to set aside the default judgment, the trial court entered specific findings of fact and conclusions of law. When a party has requested specific findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A), the reviewing court may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell*, 695 N.E.2d 920, 923 (Ind.1998). In addition, before affirming on a legal theory supported by the findings but not espoused by the trial court, the appellate court should be confident that its affirmance is consistent with all of the trial court's findings of fact and the inferences drawn from the findings. *Id.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Ahuja v. Lynco Ltd. Medical Research*, 675 N.E.2d 704, 707 (Ind. Ct.App.1996), *trans. denied.* The judgment will be reversed only when clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

 After reviewing the record, we find no request by either party for specific findings of fact and conclusions of law. Therefore, we conclude that the trial court entered such findings and conclusions *sua sponte.* The same standard of review applies when the trial court gratuitously enters findings of fact and conclusions of law, with one notable exception. *Breeden v. Breeden*, 678 N.E.2d

---

1. There is some confusion in the record as to whether Kevin Lambright was actually the designated registered agent for the corporation, or whether he merely acted as such. Based on our understanding of the record, we believe that Robert L. Lambright is the designated agent of Shipshewana Auction, Inc. in the Secretary of State's records; however, Robert L. Lambright is now deceased. Apparently, Kevin Lambright has assumed the role of signing for certified mail and collecting such mail from the post office.

2. Butler sought compensatory damages for the purchase price of the horse plus sales tax and veterinary expenses, punitive damages in the sum of $50,000, and attorney fees.

423, 425 (Ind.Ct.App.1997). When the trial court enters such findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *Id.*

*Motion to Set Aside Default Judgment*

Butler contends that the trial court erred in granting Shipshewana Auction's motion to set aside the default judgment entered against it. Specifically, Butler argues that the facts amount to nothing more than "careless indifference" and do not rise to the level of excusable neglect, surprise or mistake. Appellant's Brief at 8.

▮▮▮ The decision whether to set aside a default judgment is given substantial deference on appeal. *Bonaventura, M.D. v. Leach,* 670 N.E.2d 123, 125 (Ind.Ct.App. 1996), *trans. denied.* Our standard of review is limited to determining whether the trial court abused its discretion. *Bennett v. Andry,* 647 N.E.2d 28, 31 (Ind.Ct.App.1995). An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* Furthermore, in reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court, *Professional Laminate & Millwork, Inc. v. B & R Enterprises,* 651 N.E.2d 1153, 1157 (Ind.Ct.App.1995). Upon a motion for relief from default judgment, the burden is on the movant to show sufficient grounds for relief under Ind. Trial Rule 60(B). *Jostens Learning Corp. v. Education System Corp. of Indiana,* 651 N.E.2d 1186, 1188 (Ind.Ct. App.1995), *trans. denied.*

T.R. 60(B) provides that a default judgment may be set aside for "mistake, surprise, or excusable neglect." There are no fixed standards to determine the parameters of mistake, surprise, or excusable neglect. *Teegardin v. Maver's, Inc.,* 622 N.E.2d 530, 533 (Ind.Ct.App.1993). The trial court did not make specific findings regarding the excusable neglect component of T.R. 60(B). Following our standard of review, as we must,

we may affirm a general judgment on any theory supported by the evidence adduced at trial. *Breeden,* 678 N.E.2d at 425. A finding of Shipshewana Auction's excusable neglect in failing to enter an appearance or otherwise respond to Butler's complaint is supported by ample evidence in the record.

▮▮▮ In support of its motion to set aside, the Auction submitted the affidavit of Kevin Lambright. As President of Shipshewana Auction and the corporation's acting registered agent, Lambright received service of the summons and complaint on September 11, 1996. However, in his affidavit, Lambright avers that he has no recollection of doing so. Lambright contends that the first time that he saw the summons and complaint was on January 23, 1997, one day after Butler filed her proceeding supplemental.[3]

Although Lambright has no specific recollection of receiving the summons and complaint, he testified that his standard procedure would have been to give the mailing to the corporation's General Manager, Kerry Sprunger. Kerry Sprunger's employment with Shipshewana Auction terminated sometime in September of 1996. Lambright testified that upon becoming aware of the pending lawsuit in January of 1997, he immediately contacted Sprunger to inquire. Sprunger indicated that during his employment he had maintained a file at the Shipshewana Auction's offices pertaining to the Butler dispute. Based on this information, Lambright located the file and found the complaint and summons within the file. Although the record indicates that Lambright had some prior knowledge of the existence of a dispute involving Butler, he did not become aware of a pending lawsuit until he spoke to Sprunger in early 1997. Lambright immediately contacted the Auction's legal counsel.

Essentially, this is a situation where the employee responsible for forwarding such legal documents to counsel leaves his employment around the same time that a lawsuit is filed, and unbeknownst to anyone else within the corporation, the complaint and summons

---

3. We note that the Chronological Case Summary indicates that copies of the court's default judgment order were mailed to the Defendants on January 14, 1997.

never get forwarded to legal counsel. Based upon our standard of review, the facts before us and the applicable law, we find that the record supports a finding of excusable neglect.

■ To prevail on a T.R. 60(B) motion, the petitioner is not only required to show mistake, surprise, or excusable neglect, but also must show that he has a good and meritorious defense to the cause of action. *Burke v. DeLarosa,* 661 N.E.2d 43, 45 (Ind. Ct.App.1996), *trans. denied.* A meritorious defense is one showing, if the case was retried on the merits, a different result would be reached. *Bennett v. Andry,* 647 N.E.2d 28, 35 (Ind.Ct.App.1995). Some admissible evidence must be presented to the trial court showing that the defaulted party would suffer an injustice if the judgment is allowed to stand. *Whelchel v. Community Hospitals of Indiana, Inc.,* 629 N.E.2d 900, 903 (Ind.Ct. App.1994), *reh'g denied, trans. denied.*

■ The court entered specific conclusions regarding the Auction's showing of a good and meritorious defense to Butler's allegation of fraud. Specifically, the court found as follows:

6. The Defendant contends that it made no representations to the Plaintiff regarding the horse because it had no knowledge of the horse's health condition or identity before the sale and that any representations made would have been concerning future events.

7. The Defendant contends that because future events do not support fraud, the Judgment against it, based upon fraud, should be set aside because it is not supported by the evidence.

8. The Court finds that the Defendant has set forth a good and meritorious defense to the allegation of fraud which resulted in $50,000.00 of the Judgment entered against it and, although the plaintiff also alleges breach of expressed warranty as a further cause of action against the Defendant, the Court finds that the entire Judgment should be set aside and the Defendant should be given the opportunity to present its defense to all of the allegations against it in the Plaintiff's Complaint.

(R. 87–88). In order for Butler to prevail at trial on the theory of fraud, she would have to prove the following elements:

1. A material representation of past or existing facts which

2. was false,

3. was made with knowledge or in reckless ignorance of the falsity,

4. was relied upon by the complaining party, and

5. proximately caused the complaining party injury.

*Showalter, Inc. v. Smith,* 629 N.E.2d 272, 274 (Ind.Ct.App.1994), *trans. denied.* In her complaint, Butler alleged that: employees of Shipshewana Auction knew the horse was sick or diseased when it was presented for sale; employees of Shipshewana Auction made representations that it would stand behind the horse; and employees of Shipshewana Auction made knowing misrepresentations of fact concerning the horse's health, condition and identity.

The evidence presented to the trial court revealed that it is not within Shipshewana Auction's custom to observe or inspect livestock or horses brought to auction prior to their sale. Therefore, Shipshewana argues that it made no knowing misrepresentations to Butler regarding the horse, because Shipshewana would not have had any knowledge regarding the condition or identity of the horse. Hence, these facts would preclude Butler from proving each element of fraud at trial. This is a sufficient prima facie showing that a different result would be reached if the case were tried on the merits. *See Bennett,* 647 N.E.2d at 35.

As we previously stated, a trial court's decision on a motion for relief from judgment is given substantial deference on appeal. Hence, absent an unequivocal abuse of discretion, the trial court's judgment will not be lightly disturbed. *Whelchel,* 629 N.E.2d at 902. Based upon the facts before us, we cannot say that an unequivocal abuse of discretion has occurred here. The trial court found and we agree that the Auction should be afforded the opportunity to be heard. *See Whelchel,* 629 N.E.2d at 904 (*citing Whittak-*

*er v. Dail,* 567 N.E.2d 816, 828 (Ind.Ct.App. 1991) (Rucker, J., dissenting)) ("[i]n our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied.").[4]

### CONCLUSION

The trial court's judgment is supported by the evidence, and we decline to disturb its decision. The trial court's order setting

aside the default judgment entered in favor of Butler is affirmed.

Affirmed.

BAILEY and NAJAM, JJ., concur.

---

4. We note that this opinion was vacated by the supreme court in *Whittaker v. Dail,* 584 N.E.2d 1084 (Ind.1992). However, the portion from which we quote, Judge Rucker's dissenting opinion, was adopted in full by the supreme court.