**STATE of Indiana, Indiana State Police, Appellants–Respondents,**

v.

**Timothy X. WILLITS, Robert Willits, and Judy Willits, Appellees–Petitioners.**

No. 30A05–0001–CR–29.

Court of Appeals of Indiana.

Aug. 9, 2000.

Transfer Denied Oct. 5, 2000.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellants.

Gregg H. Morelock, D.J. Davis, Cohen & Morelock, Greenfield, Indiana, Attorneys for Appellees.

## OPINION

KIRSCH, Judge

The State of Indiana and the Indiana State Police (ISP) appeal the entry of a default judgment against them and in favor of Robert and Judy Willits and raise the following issues:

I.  Whether the trial court abused its discretion in denying their motion to set aside default judgment.

II. Whether the trial court had authority to award damages in response to a motion to return property.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 17, 1997, ISP obtained a search warrant for certain items, which ISP believed to be evidence of a crime involving Timothy Willits, from the Willits Bait and Tackle Shop. Contrary to the language of the warrant, ISP seized over ninety-six thousand separate items, which belonged to Robert Willits, Judy Willits, and Timothy Willits. ISP officers prepared an accounting of the property taken pursuant to the search warrant.

Thereafter, the State filed criminal charges against Timothy Willits. The Willitses filed a motion to recover property. The trial court found that ISP had exceeded the scope of authority granted to the State by virtue of the search warrant and ordered that the property be returned to the Willitses.[1] Upon the entry of the order, plans were made to return the proper-

---

1.  *See* IC 35–33–5–5(c)(1).

ty, which had been held in the exclusive custody and control of ISP.

In November 1997, ISP Sergeant D.L. Sylvester was present at the Willits Bait and Tackle Shop for the return of the property. Certain items that the court ordered returned were either not returned or were returned in a damaged condition.

Robert and Judy Willits filed a motion to intervene in Timothy Willits's criminal case and a motion to recover property. The court granted the motion to intervene and set the motion to recover property for a hearing. Both the State and ISP were served via certified mail with return receipt requested with a summons, a copy of the motion to recover property, and the court's order setting the matter for hearing. Returned receipt cards from both the State and ISP indicated that both parties were served with process.

At the hearing, the State and ISP did not appear in person or by counsel. The court heard evidence including the Willitses' right to have their property returned, the condition of and damage to the property that was returned, and the wholesale value of the property that was either damaged or not returned. The trial court then entered a default judgment against the State and ISP. It awarded Robert and Judy Willits $31,084.28 in damages, representing the wholesale value of the items converted by the State and ISP. The trial court further ordered certain unreturned property to be given back to the Willitses and stated that if ISP failed to return such property, an additional $3,904.14 would be awarded to the Willitses. Moreover, if ISP returned the goods in a damaged condition, an additional hearing would then be set to determine the loss.

The State and ISP filed a motion to set aside the default judgment. The trial court denied the motion, and the State and ISP now appeal.

## DISCUSSION AND DECISION

■ The State and ISP first contend that the trial court abused its discretion in denying their motion to set aside default judgment. Indiana Trial Rule 55(C) provides that a default judgment may be set aside by the court for grounds in accordance with the provisions of Indiana Trial Rule 60(B). The decision whether to set aside a default judgment is given substantial deference on appeal. *Butler v. Shipshewana Auction, Inc.,* 697 N.E.2d 1285, 1288 (Ind.Ct.App.1998). Our standard of review is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

The State and ISP assert that they are entitled to relief under Indiana Trial Rule 60(B)(8). Indiana Trial Rule 60(B)(8) allows for relief from default judgment for any reason other than those stated in Indiana Trial Rule 60(B)(1)-(4). The State and ISP argue that the filed appearance by the Deputy Prosecutor of Hancock County is sufficient to warrant the proper three-day notice of the Willitses' application for default judgment under Indiana Trial Rule 55(B). Indiana Trial Rule 55(B) states in part that, "If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application." Since the Willitses did not give three days notice of their application for default judgment, the State and ISP contend that the Willitses violated Indiana Trial Rule 55(B) and should thus be granted relief under Indiana Trial Rule 60(B)(8).

■ Here, the State and ISP did not appear in person or by counsel on the day of the hearing. Their contention that they did not receive service of process is directly contradicted by the fact the certified mail receipts were returned. Thus, despite notice of the hearing, neither the State, ISP, nor counsel on their behalf

appeared in person at the hearing. Further, no attorney who could represent the State or ISP in the matter filed an appearance. The motion, order, and summons provided to the State and ISP notified them of a claim by intervenors, Robert and Judy Willits, who had not been criminally charged. Service of this claim gave the State and ISP notice to seek adequate legal representation. Certainly, the State and ISP should have recognized the nature of the issue at hand. Since ISP and the State did not enter an appearance under Indiana Trial Rule 55(B), they are not entitled to relief from judgment under Indiana Trial Rule 60(B)(8).

Alternatively, the State and ISP assert that they are entitled to relief under Indiana Trial Rule 60(B)(1). Under Indiana Trial Rule 60(B)(1), a party seeking to set aside a default judgment because of mistake, inadvertence, surprise, or excusable neglect must show: (1) that the judgment was taken as a result of his mistake, inadvertence, surprise, or excusable neglect, and (2) that there is a meritorious defense to the cause of action. *Kreczmer v. Allied Construction Co.*, 152 Ind. App. 665, 667, 284 N.E.2d 869, 870 (1972). Although there is a record of service, the State and ISP claim they never actually received such documents notifying them of the hearing date because of a mistake. In addition, they assert that the property requested by the Willitses is a reflection of inaccurate counting by the ISP inventory officers and therefore does not exist. The State and ISP claim that because of this "mistake" and "meritorious defense" the trial court should have granted their motion to set aside the default judgment.

Because of the returned certified mail receipts, the State and ISP cannot now claim that they failed to receive the notice documents because of mistake. Further, there are serious questions regarding the State's and ISP's attempt to establish a meritorious defense. ISP submitted two affidavits with its motion to set aside default judgment, one of which stated in part, "The counts done at the time that the property was seized were not accurate, being both too high and too low." *Record* at 30. To claim nearly two years after the seizure· of property in which an initial inventory was taken and after not appearing at the hearing regarding such inventory that the police officers entrusted with making an accurate inventory of the property simply miscounted thousands of dollars of property is not a meritorious defense. Therefore, the trial court did not abuse its discretion in denying the State's and ISP's motion to set aside the default judgment.

■ Finally, the State and ISP challenge whether the trial court had authority to award damages in response to a motion to return property. The State and ISP claim that the trial court did not have authority to award damages pursuant to IC 35–33–5–5,[2] yet cite no relevant case law to support their contention. They merely point out that IC 35–33–5–5 does not explicitly give a trial court the authority to award damages. However, we note that it does not prohibit a trial court from doing so. In addition, they argue that the Willitses should have filed a separate civil suit to seek relief. We disagree.

Here, it was the criminal trial court that was associated with the property at issue and the corresponding damage to the property. Thus, the criminal trial court judge was in the best position to assess and award damages. In addition, to insist that the Willitses file a separate civil suit would be unfair to them and contrary to judicial economy. ISP violated a court order to return property, returned some of the Willitses' property that was integral to their livelihood in a damaged condition, and then failed to appear or file an appearance for the hearing to recover property.

---

**2.** IC 35–33–5–5(c)(1) provides that property which may be lawfully possessed shall be returned to its rightful owner following the final disposition of the cause at trial level or any other final disposition.

To further delay relief to the Willitses after repeated resistance from the State and ISP would be unfair to the Willitses and is contrary to judicial economy. Accordingly, the trial court had authority to award damages.

Affirmed.

RILEY, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent. Under the circumstances presented here, it is apparent to me that the trial court abused its discretion in denying the State's motion to set aside the default judgment that was entered in the Willits' favor.

While the State did not enter its appearance with respect to the hearing on the Willits' application for default judgment, it is my belief that the appearance of the Deputy Prosecutor of Hancock County in this case was sufficient to trigger the three-day notice requirement pursuant to T.R. 55(B). In my view, the Willits' "Motion for Return of Property" was part of the criminal proceeding in which the deputy prosecutor had entered an appearance on behalf of the State. The Willits' served the State with that motion, a notice of the hearing set for January 25, 1999, and a summons informing the State that it had been "sued" and that the nature of the "suit" was stated in the "complaint" attached to the summons. R. at 10, 12. The summons went on to state that "You must answer the complaint in writing ... within twenty (20) days ... or judgment will be entered against you for what the plaintiff has demanded." R. at 10, 12. Here, the "complaint" attached to the summons was the motion for the return of the Willits' property. R. at 8, 9.

I would observe that the summons and motion for return of property do not satisfy the notice requirements of T.R. 55(B), in that such a motion is not a "complaint" and

does not require a written responsive pleading. Even more compelling, such documents did not apprise the State of the Willits' application for default judgment and did not notify it of the possibility that the Willits' could be awarded damages in the event that a default judgment was entered. Rather, the motion only requested an order directing the return of the property and an award of attorney fees. R. at 9. Thus, it is apparent to me that the Willits' notified the State only of the hearing on this motion. Inasmuch as the State was not provided with notice of the application for a default judgment, the judgment entered for the Willits' should be declared voidable. *See Evansville Garage Builders v. Shrode*, 720 N.E.2d 1273, 1277 (Ind.Ct.App.1999) (notice of a "progress hearing" was not sufficient to satisfy the requirements of providing notice of an application for default judgment).

Finally, I would note that the State was not required to establish a meritorious defense for the reason that the default judgment here should be set aside because it had been entered without notice. *See id.*, 720 N.E.2d at n. 8; *see also Standard Lumber Co. of St. John v. Josevski*, 706 N.E.2d 1092, 1096 (Ind.Ct.App.1999). For these reasons, I would reverse the denial of the State's motion to set aside the default judgment and remand this cause to the trial court for further proceedings.