812 N.E.2d 177 (2004)
In re The Matter of the Involuntary Termination of Parent-Child Relationship of K.E. and W.E., Minor Children, and their Mother C.E., Appellant,
v.
MARION COUNTY OFFICE OF FAMILY AND CHILDREN, Appellee.
No. 49A02-0401-JV-51.
Court of Appeals of Indiana.
July 23, 2004.
Transfer Denied October 28, 2004.
*178 Steven J. Halbert, Indianapolis, IN, Attorney for Appellant.
Kelly Rota-Autry, Marion County Office of Family and Children, Indianapolis, IN, Attorney for Appellee.

OPINION
FRIEDLANDER, Judge.
Christine Elliott appeals the denial of her motion to set aside a judgment terminating her parent-child relationship with her sons, K.E. and W.E. The sole issue on review is: Did the trial court abuse its discretion by denying Elliott's motion to set aside filed more than two years after judgment was entered?
We affirm.
The facts favorable to the judgment are that on August 31, 1998, the Marion County Office of Family and Children (the MCOFC) filed a petition alleging that K.E., born May 13, 1995, and W.E., born January 14, 1997, were Children in Need of Services (CHINS). The children were subsequently adjudicated to be CHINS. On November 30, 1999, the MCOFC filed a petition seeking the involuntary termination of the parent-child relationship between Elliott and K.E. and W.E. Hearings on the petition were held on April 4, 2001, and July 2, 2001, and evidence was heard from Elliott and a variety of social services workers who had interacted with Elliott and her children. Elliott was present and represented by counsel on both hearing dates. On July 9, 2001, the trial court issued an order terminating the parent-child relationship between Elliott and K.E. and W.E. In the fall of 2002, K.E. and W.E., along with two additional siblings, were adopted by the same family.[1] On August 4, 2003, Elliott filed a pro se motion to set aside the trial court's judgment terminating the parent-child relationship ("Motion to Set Aside"). At the time, Elliott was incarcerated at the Rockville Correctional facility in Rockville, Indiana, serving a six-year sentence for dealing narcotics.
On January 5, 2004, the trial court held a hearing on the Motion to Set Aside, wherein Elliott was represented by a public defender. Although Elliott's Motion to Set Aside did not specifically seek relief under Ind. Trial Rule 60(B), or any other *179 rule, at the hearing her counsel implied that a T.R. 60(B) foundation could be laid to set aside the July 2001 order. At the hearing, Elliott testified she was appealing the termination of her parental rights, she was unaware when the July 2001 order issued that she had thirty days to appeal, and that she hoped to be released from jail in May 2004 and desired to reintroduce herself into K.E. and W.E.'s lives at that time. Elliott testified:
I went through a lot of things back then. I was doing drugs and things I shouldn't have done. I have learned a lot since I have been incarcerated. I just want to be a part of my kid's lives. [sic] If I have to do a lot of things to be a part of their lives, I want to be a part of their lives.
Transcript at 474-75. Elliott's attorney questioned why she delayed in filing her Motion to Set Aside, to which Elliott responded: "I was going through a lot of trouble with drugs and I was in and out of jail for the same case. It took me this long to realize the person I was inside." Id. at 479. Elliott further claimed a friend was building her a home in Poland, Indiana, she was on good terms with her mother, and while she did not have a job lined up when she was released from jail, she was able to work. Elliott also testified she had not maintained contact with the children, was unaware of their current circumstances in school, counseling, or with their adoptive parents, and did not know if L.E. or W.E. even wanted to have contact with her. Elliott's testimony was the only evidence offered at the hearing.
Thereafter, the MCOFC's counsel asserted that no evidence or legal grounds supported setting aside the judgment under T.R. 60(B), nor was setting aside the judgment in the children's best interest as they had been adopted over a year ago. Counsel did, however, praise Elliott's "positive decisions" and offered to send a letter to L.E. and W.E.'s adoptive family, providing Elliott's current address and expressing Elliott's desire to have contact with the children. Id. at 485. The trial court subsequently denied Elliott's Motion to Set Aside, holding too much time had passed for Elliott to appeal the July 2001 order.
Elliott now appeals the denial of her Motion to Set Aside, but frames the issue as a direct appeal of the July 2001 order terminating her relationship with K.E. and W.E., claiming: (1) insufficient evidence demonstrated a threat to K.E. and W.E.'s well-being; and (2) Elliott's due process rights were violated by the State failing to adequately inform her what she needed to do to keep her children and failing to give her a reasonable opportunity to comply with its demands. We agree with the MCOFC that the proper issue to address on appeal is whether the trial court properly denied a motion to set aside a judgment terminating parental rights under T.R. 60(B). As such, we do not address the substantive arguments raised by Elliott in her brief.
Our standard of review is well settled:
The decision whether to set aside a judgment is given substantial deference on appeal. Butler v. Shipshewana Auction, Inc., 697 N.E.2d 1285, 1288 (Ind.Ct.App.1998). Our standard of review is limited to determining whether the trial court abused its discretion. Id. An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. Id.

In reviewing the trial court's decision, we will not reweigh the evidence or substitute our judgment for that of the trial court. Id. Upon a motion for relief from judgment, the burden is on the movant to show sufficient grounds for relief under Ind. Trial Rule 60(B). Id.

In re Paternity of Baby Doe, 734 N.E.2d 281, 284 (Ind.Ct.App.2000). T.R. 60(B) *180 enumerates several reasons for setting aside a final judgment. Neither in her Motion to Set Aside nor at the January 2004 hearing, did Elliott specify which of T.R. 60(B)'s eight enumerated reasons for relief her motion was based upon, and therefore we will consider her claim under T.R. 60(B)(8), which provides that a party may seek relief from a judgment for "any reason justifying relief." T.R. 60(B)(8). The rule provides that a "motion shall be filed within a reasonable time" and must allege "a meritorious claim or defense." Id. Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. G.B. v. State, 715 N.E.2d 951 (Ind.Ct.App.1999). Further, "a meritorious defense is one showing, if the case was retried on the merits, a different result would be reached." In re Paternity of Baby Doe, 734 N.E.2d at 284. Finally, "[i]n ruling on a T.R. 60(B) motion, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and societal interest in the finality of litigation." Hoosier Health Sys., Inc. v. St. Francis Hosp. & Health Ctrs., 796 N.E.2d 383, 388 (Ind.Ct.App.2003).
Elliott's parental rights were terminated by virtue of the July 9, 2001 order. Over two years later, Elliott moved to set aside that judgment. During those years, Elliott was incarcerated and K.E. and W.E. were adopted by the same family that also adopted two of their siblings. We find that in the context of this case, two years is not a reasonable time to delay challenge to a judgment terminating parental rights, especially when during that time period the children at issue have been adopted and have presumably established a sense of stability in their new family. Moreover, Elliott's stated reasons for delaydrug use and incarcerationhardly provide a justifiable basis for the two-year gap in her challenge, especially since both reasons were within Elliott's own ability to control.
Additionally, at the January 2004 hearing, Elliott offered no evidence of a meritorious claim or defense demonstrating that if a hearing on termination of the parent-child relationship was retried on the merits, a different result would be reached, i.e. Elliott's parental rights would not be terminated. The evidence was limited to Elliott's own testimony, which dealt mainly with her desire to reintegrate into her children's lives after her anticipated prison release in May 2004. She offered no new evidence to contradict any testimony offered at the previous two-day hearing that culminated in the termination of Elliott's parental rights. Further, in balancing any alleged injustice suffered by Elliott against the interests of the MCOFC and society in general, the balance weighs against Elliott. The MCOFC's interest in the placement of L.E. and W.E. in a stable home environment coupled with society's interest in the finality of litigation involving such placement counsels in favor of denying the Motion to Set Aside.
Based on the foregoing, despite Elliott's attempt to assert a belated appeal of the termination of her parental rights, our proper review is from the denial of a motion to set aside pursuant to T.R. 60(B). As Elliott's two-year delay in challenging the July 2001 termination is not reasonable under the circumstances and she offered no meritorious claim or defense, the trial court did not abuse its discretion in denying her Motion to Set Aside.
Judgment affirmed.
BAKER, J., and BAILEY, J., concur.
NOTES
[1] The two additional siblings were the subjects of separate CHINS and termination actions.