### In the Matters of VISITATION OF P.V.D. and P.I.D., Minors,

### P.M., Appellant–Respondent,

v.

### K.B., Appellee–Petitioner.

### No. 45A03–1102–JM–79.

Court of Appeals of Indiana.

Sept. 2, 2011.

Jon Laramore, Teresa A. Griffin, Baker & Daniels LLP, Indianapolis, IN, Sophia J. Arshad, Arshad, Pangere & Warring, LLP, Merrillville, IN, Attorneys for Appellant.

Brian M. Smith, Law Offices of Brian M. Smith, P.C., Merrillville, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Respondent P.M. ("Mother") appeals from the trial court's order denying Mother's request that the trial court set aside its previous order granting Appellee–Petitioner K.B. ("Maternal Grandmother") visitation with Mother's minor children, P.V.D. and P.I.D. (collectively, "the children"). Mother raises several issues which we restate as follows: (1) whether the trial court erroneously denied Mother's request for relief from the default judgment entered against her and (2) whether Maternal Grandmother had standing to request visitation under the Grandparent Visitation Act ("GVA").[1] Concluding that the trial court erroneously denied Mother's request for relief from the default judgment, we reverse and remand to the trial court with instructions.

### FACTS AND PROCEDURAL HISTORY

Mother and P.D. ("Father") are the parents of P.V.D., born May 23, 2005, and P.I.D., born May 14, 2007. Mother and Father were not married at the time that either of the children were born. Father's paternity was established for both of the children in separate paternity actions in the trial court. Prior to February of 2009, Father moved to Antioch, Illinois, which is near the Wisconsin border, and at some point during February of 2009, Mother and the children moved to Antioch to live with Father. On August 24, 2010, Mother and Father were married.

---

1. Ind.Code chapter 31–17–5.

On August 13, 2009, Maternal Grandmother filed a petition for visitation under the GVA. Maternal Grandmother amended her petition on August 18, 2009. The trial court set the matter for a hearing on November 9, 2009. On November 5, 2009, Mother requested a continuance of the November 9, 2009 hearing. In making this request, Mother informed the trial court that she was injured in a car accident on October 31, 2009, and was unable to drive from her home in Antioch to the trial court in Indiana as a result of her injuries. On November 9, 2009, the trial court denied Mother's request and conducted a hearing on Maternal Grandmother's petition. Neither Mother nor Father attended the hearing.

On December 8, 2009, the trial court issued an order granting Maternal Grandmother visitation with the children. In granting Maternal Grandmother visitation, the trial court found that Mother's request for a continuance constituted consent to the trial court having jurisdiction over the instant matter, that Maternal Grandmother had overcome the presumption that the parents' wishes to limit visitation were in the children's best interests, and that both parents should be defaulted because they did not appear for the hearing. The trial court found that Maternal Grandmother "shall be afforded maximum grandparent visitation rights allowed under Indiana law" and granted visitation one weekend per month from 6 p.m. Friday to 6 p.m. Sunday at Maternal Grandmother's home in Crown Point; Thanksgiving Day from 9 a.m. to 8 p.m.; Christmas Eve from 9 a.m. to 8 p.m.; New Year's Day from 9 a.m. to 8 p.m.; both Maternal Grandmother's and Step–Grandfather's birthdays from 9 a.m. to 8 p.m.; and ten days in the summer. Appellant's App. p. 28.

Maternal Grandmother subsequently filed a motion asking the court to find Mother and Father in contempt of the visitation order. The trial court conducted a hearing on Maternal Grandmother's motion on March 4, 2010, at the conclusion of which it found Mother and Father in contempt for failing to permit visitation as required by the December 8, 2009 order. The trial court sentenced Father to a thirty-day jail term, with execution withheld if he complied with the December 8, 2009 order. The trial court ordered Mother and Father to pay Maternal Grandmother's attorney's fees and ordered double visitation in the next three months to "make up for the time that grandparents lost." Tr. p. 44.

On September 29, 2010, Mother filed a motion to dismiss the proceedings arguing that Maternal Grandmother did not have standing to seek visitation under the GVA. On October 5, 2010, Mother filed a Trial Rule 60(B) motion for relief from the default judgment entered on December 8, 2009, alleging that the trial court lacked jurisdiction over Mother or the children, and as such, the trial court's judgment is void. Following a hearing, the trial court denied Mother's motions. With respect to jurisdiction, the trial court found that it had jurisdiction by virtue of the children's relocation to another state less than six months before Maternal Grandmother's petition was filed [2] and the fact that no action for visitation had been filed in Illinois. This appeal follows.

---

2. The trial court's finding regarding whether the children's move to Illinois occurred within the previous six months is based on the trial court's application of Indiana Code section 31–21–5–1 pertaining to initial custody determinations to the instant matter. However, as this matter does not involve a custody determination but rather a request by maternal grandmother for visitation under the GVA, Indiana Code section 31–21–5–1 is inapplicable to the instant matter, and the trial court's findings regarding whether the children resided in Indiana during the previous six months is irrelevant.

## DISCUSSION AND DECISION

Mother contends that the trial court erred in denying her motion for relief from the default judgment.

> Our standard of review on the denial of a motion for relief from default judgment is limited to determining whether the trial court abused its discretion. [*LaPalme v. Romero*, 621 N.E.2d 1102, 1104 (Ind.1993) ], *reh'g denied* (citations omitted). An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. [*Summit Account & Computer v. Hogge*, 608 N.E.2d 1003, 1005 (Ind.Ct.App.1993) ] (citations omitted). The trial court's decision on a motion for relief from default judgment is given substantial deference on appeal. *LaPalme*, 621 N.E.2d at 1104. Therefore, absent an unequivocal abuse of discretion, the trial court's judgment will not be lightly disturbed.

*Whelchel v. Cmty. Hosps. of Ind., Inc.*, 629 N.E.2d 900, 902 (Ind.Ct.App.1994).

The decision of whether to grant or deny a motion for relief from default judgment is within the equitable discretion of the trial court. *Id.* (citing *Graham v. Schreifer*, 467 N.E.2d 800, 802 (Ind.Ct. App.1984)). Trial Rule 60(B) provides in pertinent part as follows:

> [o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, *including a judgment by default,* for the following reasons: (1) mistake, surprise, or excusable neglect.

*Id.* (quoting T.R. 60(B)(1)) (emphasis in original). On appeal, Mother argues that she has met the requirements for relief under T.R. 60(B). We agree.

The GVA provides that a child's grandparent may seek visitation rights if: (1) the child's parent is deceased; (2) the marriage of the child's parents has been dissolved in Indiana; or (3) a child was born out of wedlock.[3] Ind.Code § 31–17–5–1(a). The GVA further provides that a trial court shall have venue to grant visitation rights to a grandparent if the grandparent seeking visitation rights files a petition requesting reasonable visitation rights "(1) in a circuit, superior or probate court of the county in which the children reside; or (2) in the court having jurisdiction over the dissolution of the parents' marriage." Ind. Code § 31–17–5–4.

Indiana Code section 31–17–5–4 does not place any time limitations on the children's residence, but merely states that the action should be filed in the county where they reside. Here, there is no dispute that the children did not reside in Lake County, Indiana, when Maternal Grandmother filed her petition for visitation rights on August 13, 2009. In addition, to date, Mother and Father have not dissolved their marriage in any Indiana court. Therefore, under the plain language of Indiana Code section 31–17–5–4, the Lake County trial court is not the proper venue to entertain Maternal Grandmother's petition for visitation under the GVA. *Cf. In re Visitation of J.O.*, 441 N.E.2d 991, 994 (Ind.Ct.App.1982) (providing that the Monroe Superior court had personal jurisdiction to grant visitation under the GVA because the child resided in Monroe County and the Monroe Superior Court had jurisdiction over Mother's di-

---

**3.** Subsection Ind.Code § 31–17–5–1(b) provides that "[a] court may not grant visitation rights to a parental grandparent of a child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child." However, father's determination of paternity is not relevant to the instant matter because, here, maternal grandmother brought suit seeking visitation rights.

vorce). As such, we conclude that the trial court abused its discretion in denying Mother's motion for relief from the default judgment entered against her because the Lake County trial court is not the proper venue to consider Maternal Grandmother's request for visitation under the GVA. Any future requests for visitation by Maternal Grandmother should be filed in the county in which the children reside in Illinois. *See* 750 ILCS 5/104 & 5/607.

Having concluded that the trial court abused its discretion in denying Mother's request for relief from the default judgment entered against her, we reverse the trial court's January 7, 2011 order, and remand the instant matter to the trial court with instructions to rescind its previous order granting Maternal Grandmother visitation with the children under the GVA.[4]

The judgment of the trial court is reversed and the matter is remanded to the trial court with instructions.

ROBB, C.J., concurs in result.

BARNES, J., concurs.

---

4. Moreover, having concluded that the trial court abused its discretion in denying Mother's request for relief from the default judgment entered against her, we need not consider whether the trial court had personal jurisdiction over the parties or whether Maternal Grandmother had standing to request visitation under the GVA.