Mattie **ANDERSON, Dale Powell, and Rebecca Powell d/b/a Powell Trucking, Appellants–Plaintiffs,**

v.

**STATE AUTO INSURANCE COMPANY, as Subrogee of Emery Hollingsworth, Appellee–Defendant.**

No. 83A01–0508–CV–335.

Court of Appeals of Indiana.

July 27, 2006.

Richard L. Rennick, Jr., Covington, IN, Attorney for Appellants.

Bradley A. Bough, Terre Haute, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Mattie Anderson ("Anderson") was employed as a truck driver for Powell Trucking at the time the truck she was driving was involved in an accident with a combine, owned by Emery Hollingsworth ("Hollingsworth"), while attempting to pass the combine. Becky, Dale, and Mike Powell (collectively "the Powells") were corporate officers of Powell Trucking. Appellants–Defendants, the Powells and Anderson, appeal from the trial court's order denying their motion for relief from judgment pursuant to Ind. Trial Rule 60(B)(1). Appellee–Plaintiff State Auto Insurance Company is the subrogee of Hollingsworth in this matter.

On January 20, 2004, Anderson was driving for Powell Trucking when the truck she was driving was involved in an accident with the combine owned by Hollingsworth. Anderson was driving Powell Trucking's 1997 Kenworth tractor-trailer. The combine was damaged in the accident. Powell Trucking purchased its insurance through Power Purchasing, Inc.[1], an insurance agency specializing in insurance for trucking companies. Power Purchasing provided physical damage coverage through Great American Assurance Company, and non-trucking liability coverage through Clearwater Insurance Company.

Mike Powell contacted Power Purchasing on the day of the accident to report the accident. Power Purchasing directed Powell Trucking to Edward Roach, a representative of Great American. The next information that Powell Trucking had about the matter was on September 17, 2004, when the Powells received the complaint and summons filed by Hollingsworth. Becky Powell contacted Great American and, ultimately, was told to fax a copy of the complaint and summons to Roach.

On January 4, 2005, a default judgment was entered against the Powells for $5,020.54 plus court costs for the damage to the combine arising out of the accident. The Powells were unaware that a default judgment had been entered against them. The Powells filed a motion for relief from judgment in this matter on February 22, 2005. On July 8, 2005, the trial court found that the Powells had established excusable neglect. The trial court found that

---

1. Power Purchasing, Inc., later became known as Transactiv Insurance Services, and is referred to by the parties as such during the hearing on the motion to set aside default judgment. We will refer to the agency as Power Purchasing in this opinion as that is how the agency is referred to by the parties in their briefs.

the Powells believed that they were insured and took reasonable steps to contact their insurance carrier. However, the trial court denied the Powells' motion finding that they had not established a meritorious defense. The Powells have now initiated this appeal.

■ The decision whether to set aside a default judgment is given substantial deference on appeal. *Kmart Corporation v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct.App.1999). Our standard of review is limited to determining whether the trial court abused its discretion. *Id.* An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* A general default judgment may be affirmed by any theory supported by the record. *Id.*

■ The trial court's discretion is broad because any determination made by the court regarding excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. *Id.* No fixed rules or standards have been established because the circumstances of each case are unique. *Id.* Upon review, this court will not reweigh the evidence or substitute our judgment for the judgment of the trial court. *Id.*

■ The Powells argue that our review should be de novo because they are attacking the trial court's legal conclusion—that a meritorious defense is absolutely required to be shown before a default judgment may be set aside. They argue that an abuse of discretion standard is reserved for those situations in which the review is of the trial court's factual determination of the evidence. However, as previously discussed, the trial court's discretion is broad in cases involving setting aside default judgments because of the unique factual

background of each case. The appropriate standard of review here is an abuse of discretion. *Kmart*, 719 N.E.2d at 1253.

The entry of default judgments for failure to file responsive pleadings is authorized by Ind. Trial Rule 55(A). *State, Dept. of Natural Resources v. Van Keppel*, 583 N.E.2d 161, 162 (Ind.Ct.App.1991). Once entered, a default judgment may be set aside because of mistake, surprise, or excusable neglect so long as the motion to set aside the default is entered not more than one year after the judgment and the moving party also alleges a meritorious claim or defense. *Coslett v. Weddle Brothers Construction Co., Inc.*, 798 N.E.2d 859, 860 (Ind.2003).

■ Appellants do not attack the trial court's finding that Appellants had satisfied the requirement of a showing of excusable neglect. Appellants claim that trial court erred by holding that T.R. 60(B)(1) also requires the showing of a meritorious defense in order to set aside a default judgment.

■ Ind. Trial Rule 60(B)(1) provides in relevant part as follows:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, excusable neglect. The motion shall be filed not more than one year after the judgment, order or proceeding was entered or taken for reason (1). A movant filing a motion for reason (1) must allege a meritorious claim or defense.

Therefore, according to T.R. 60(B)(1) a showing of a meritorious defense is required. The Powells claim that case law has abrogated that requirement.

■ T.R. 60(B) exists primarily as the avenue of redress for defaulted defendants

under Ind. Trial Rule 55 and for dismissed plaintiffs under T.R. 41. *Moore v. Terre Haute First National Bank,* 582 N.E.2d 474, 476 (Ind.Ct.App.1991). T.R. 60(B)(1) requires T.R. 55 defendants to not only show that the default judgment was the result of mistake, surprise, or excusable neglect, but also that a meritorious defense exists as well. *Id.* The movant must make a prima facie showing that a different result would have obtained had the matter been tried on the merits. *Id.* at 477. The rationale for the meritorious defense requirement is to prevent the waste of time and resources in the performance of a useless ritual. *Id.* If a movant for relief under T.R. 60(B)(1) has no case, then the granting of relief would result in yet another judgment for the non-movant. *Id.*

In *Van Keppel,* a case cited by the Powells, a panel of this court held that, while a default judgment may be set aside for excusable neglect, case law makes clear that the movant must also show a meritorious defense to the judgment. 583 N.E.2d at 163. The panel of this court held that while the movant must not prove absolutely the existence of a meritorious claim or defense, there must be a showing of enough admissible evidence to make a prima facie showing of a meritorious defense. *Id.*

One of the cases relied upon in *Van Keppel* is *Bross v. Mobile Home Estates, Inc.,* 466 N.E.2d 467 (Ind.Ct.App.1984). In *Bross* this court held that a mere allegation that but for excusable neglect the action would have been defended is not enough to set aside a default judgment. 466 N.E.2d at 469. There need not be a showing of absolute entitlement to the relief sought, but must be enough admissible evidence to satisfy the trial court that there is merit in setting the judgment aside. *Id.*

In *Kmart,* a panel of this court held that in order to prevail upon a motion to set aside a default judgment based upon, in part, excusable neglect, a party must not only show excusable neglect, but must also show that he has a good and meritorious defense to the cause of action. 719 N.E.2d at 1258. The panel of this court held that the movant must present enough admissible evidence to the trial court showing that the defaulted party would suffer an injustice if the judgment were allowed to stand. *Id.* There must be enough admissible evidence to make a prima facie showing of a meritorious defense. *Id.*

Last, in *Nwannunu v. Weichman & Assoc.,* 770 N.E.2d 871 (Ind.Ct.App.2002), a panel of this court reversed the trial court's decision denying the defendant's motion to set aside default judgment. Relief was granted because the defendant established both excusable neglect and a meritorious defense. 770 N.E.2d at 879.

Appellants argue here, and argued below, that they would have been defended at trial had the appropriate insurance carrier been contacted. Appellants presented evidence below and argue here, about the evidence of insurance coverage. However, the evidence regarding insurance coverage and notifications of insurance carriers was relevant only to the issue of excusable neglect. The trial court found in their favor regarding excusable neglect.

The real issue involved in establishing a meritorious defense is whether the factual circumstances of the accident itself would relieve Appellants of liability. Prima facie evidence of, for example, comparative fault or negligence of the drivers involved in the accident was not presented at the hearing. A review of the transcript of the hearing reveals that there was no such evidence before the trial court.

The trial court did not err by finding that the Defendants had established that

they were entitled to relief due to excusable neglect, because they contacted their insurance agent, and believed that they had insurance coverage for the situation involved. The trial court did not err by holding that the Defendants were required to establish a meritorious defense in addition to excusable neglect in order to avail themselves of the relief they sought pursuant to T.R. 60(B)(1). Case law has not abrogated the requirement. Review of the transcript reveals that there was no evidence to make a prima facie showing of a defense to the allegations of the complaint about the accident itself before the trial court. Therefore, the trial court did not err by concluding that Appellants were not entitled to relief for failure to make a showing of a meritorious defense.

Affirmed.

RILEY, J., and DARDEN, J., concur.