**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:
**CYNDI L. TURNPAUGH**
Columbia City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CYNDI L. TURNPAUGH | ) | |
| | ) | |
| Appellant- Respondent, | ) | |
| | ) | |
| vs. | ) | No. 92A04-1404-DR-170 |
| | ) | |
| DOUGLAS W. TURNPAUGH | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE WHITLEY CIRCUIT COURT
The Honorable James R. Heuer, Judge
Cause No. 92C01-1007-DR-512

**December 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Cyndi Turnpaugh ("Wife") appeals the trial court's denial of her Trial Rule 60(B) motion for relief from judgment. She argues that the challenged trial-court order—which permitted her former husband, Douglas Turnpaugh ("Husband"), to begin therapeutic visitation with their children—was based upon a mistake of fact or, in the alternative, cannot be justified based on newly discovered evidence. Because we find no merit in Wife's claims, we affirm the trial court.

**Facts and Procedural History**

The parties were divorced in 2012. They have five children; the youngest is nine and the oldest is twenty. When the parties divorced, they agreed that Wife would have custody of four of the children.[1] *See* Appellant's App. p. 38-39. Husband's parenting time had previously been suspended based on allegations that he had molested two of the children and physically abused another.[2] The trial court ordered Husband to complete the Sexual Offenders Monitoring and Treatment (SOMAT) program before parenting time could resume. Specifically, the trial court provided:

> 4. Husband shall voluntarily submit to a polygraph examination through Phoenix Associates, Inc.
> 5. Husband shall complete the SOMAT Program at Phoenix Associates, Inc., and follow their recommendations.
> 6. Husband shall sign an Authorization for Release of Information authorizing release of information from Phoenix Associates, Inc., to the Court.
> 7. The parties shall participate in the children's counseling with the Bowen Center as recommended by counselor(s).

---

[1] The parties' fifth child was in foster care for reasons not disclosed by the record.

[2] Although the record shows that Husband later admitted that he committed some offense, it does not disclose what Husband admitted doing, nor does it indicate that Husband was ever charged with any crime.

8. Upon the recommendation of the children's counselor(s) at the Bowen Center that initiation of therapeutic visitation is appropriate, Husband and the children shall participate in the Bowen Center's Therapeutic Visitation Program.

9. The parties shall follow the recommendations of the children's counselor(s) at the Bowen Center.

10. Regardless of the recommendations of Phoenix Associates, Inc., Husband shall have no parenting time rights except as recommended by the children's counselor(s) at the Bowen Center.

*Id.* at 39.

The court ordered therapeutic visitation to begin in May 2013. *Id.* at 123. In early 2014 Wife filed a Trial Rule 60(B) motion for relief from judgment. *Id.* at 15-36. In her motion, Wife alleged that Husband was not in compliance with the trial court's order—and thus, therapeutic visitation should not have begun—because he had failed a polygraph examination. The trial court held a hearing on the motion in March 2014.

At the hearing, Husband responded to Wife's claims by citing a letter written by Mary Rose, a social worker from Phoenix Associates, Inc., stating that he had successfully completed the SOMAT program. *See* Tr. p. 5. In full, the letter provided that Husband:

> [C]ompleted all SOMAT program assignments. He shared his details of the offense. [Husband] demonstrated an understanding of how his behavior impacted others. [Husband] expressed empathy for his victim and remorse for his hurtful actions. He has made plans for how to keep himself safe from re-offending in the future. He also worked with his treatment group on communication skills and coping with difficult emotions. [Husband] has demonstrated overall stability in the community while in treatment, including attendance and participation at group and individual sessions and maintaining employment. He will be participating in maintenance counseling to discuss the reunification process with his children.

Appellant's App. p. 79. Wife, however, argued that Husband could only be considered to have completed the SOMAT program when he passed a polygraph examination. Tr. p. 9

3

("[I]sn't the purpose of a polygraph to be passed? I mean, what's the purpose of him taking a polygraph that the court's ordered and failing that polygraph?"). After taking the matter under advisement, the trial court denied Wife's motion. *See* Appellant's App. p. 14. In doing so, the court cited the letter from "Mary Rose of Phoenix Associates indicating that [Husband] has completed all SOMAT program assignments," and noted that the letter was written *after* Husband failed the polygraph examination. *Id.* The court therefore concluded that Husband was in compliance with its order regarding the SOMAT program. *Id.*

Wife now appeals.

**Discussion and Decision**

Wife appeals the trial court's denial of her motion for relief from judgment. "The decision of whether to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound, equitable discretion of the trial court." *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002) (citation omitted). We will only reverse where the trial court has abused its discretion. *Id.* (citation omitted). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom. *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1232 (Ind. Ct. App. 2007). Husband, however, has not filed an appellee's brief. Under that circumstance, we will not develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

Wife seeks relief from the trial court's May 2013 order permitting Husband to begin therapeutic visitation with the children. She argues that "the trial court had based its [previous] decision upon a mistake of fact – or in the alternative, [] the decision could not be justified on the basis of the new evidence."[3] Appellant's Br. p. 15. According to Wife, because Husband failed a polygraph examination after the May 2013 order, the trial court was mistaken about Husband's compliance with the court's orders. She continues: "Since [Husband] failed the [polygraph] examination, it is clear that, contrary to what the trial court believed when it issued the Visitation Order, [Husband] never complied with the order requiring him to complete the SOMAT program."[4] *Id.* at 16. We disagree.

In its order denying Wife's motion for relief from judgment, the court cited a letter from a Phoenix Associates social worker clearly stating that Husband had completed all the SOMAT program assignments, and noted that the letter was written *after* Husband failed a polygraph examination. From this evidence, the trial court reasonably concluded

---

[3] Trial Rule 60(B) allows a party to seek relief from judgment on numerous grounds, including:

**(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
> (1) mistake, surprise, or excusable neglect;
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors . . . .

Ind. Trial Rule 60(B)(1), (2).

[4] Wife also argues that the children's best interests are not served by permitting therapeutic visitation because Husband has not completed the SOMAT program. *See* Appellant's Br. p. 28-32. Again, we must disagree based on the evidence before us: a SOMAT provider told the trial court—in no uncertain terms—that Husband had successfully completed the program, and we are not in a position to second-guess the requirements of that program.

that Husband completed the requirements of the SOMAT program, and we find no error in that conclusion.

Wife does not challenge the evidence cited by the trial court. Instead, she devotes the majority of her brief to explaining why it is necessary for Husband to pass a polygraph examination, and she contends that because he has not, he simply cannot have satisfied the SOMAT program protocol. She provides no evidence, however, that passing a polygraph examination is a requirement of the SOMAT program, and the evidence cited by the trial court—a letter provided by those who run the program—suggests that it is not. In light of this, we cannot say that the trial court erred in denying Wife's motion for relief from judgment.[5]

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.

---

[5] Wife also argues that the trial court failed to make the necessary findings of fact. *See* Appellant's Br. p. 22-25. We disagree; the trial court's findings of fact are sufficient and address the relevant legal issues.