# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 07 2017, 6:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Bradford R. Shively
Jonathan R. Slabaugh
Michael J. Roose
Sanders Pianowski, LLP
Elkhart, Indiana

ATTORNEYS FOR APPELLEES

David W. Stone IV
Stone Law Office and Legal Research
Anderson, Indiana

Andrew B. Jones
Jones Law Office, LLC
South Bend, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Gregory D. Webster,

*Appellant-Plaintiff,*

v.

Michiana Transportation, Inc. and Michiana Transportation of South Bend, Inc.,

*Appellees-Defendants.*

July 7, 2017

Court of Appeals Case No. 71A03-1611-CT-2706

Appeal from the St. Joseph Superior Court

The Honorable Steven L. Hostetler, Judge

Trial Court Cause No. 71D07-1604-CT-217

**Bailey, Judge.**

# Case Summary

Gregory D. Webster ("Webster") obtained entries of default against Michiana Transportation, Inc. and Michiana Transportation of South Bend, Inc. (collectively, the "Michiana Corporations"), and the Michiana Corporations subsequently filed motions for Trial Rule 60(B) relief. The trial court granted the Trial Rule 60(B) motions, thereby setting aside the entries of default against the Michiana Corporations. Webster now appeals, contending that the trial court abused its discretion when it granted Trial Rule 60(B) relief.

We affirm.

# Facts and Procedural History

On April 22, 2016, Webster filed a complaint against the Michiana Corporations,[1] alleging that Webster sustained personal injuries from an automobile accident that occurred while Webster was a passenger in a taxi owned and operated by the Michiana Corporations. On April 29, 2016, the complaint and summons were served upon Nayef Yassine ("Yassine"), who is the registered agent, President, and owner of the Michiana Corporations.

Pursuant to Indiana Trial Rule 6(C), the deadline to answer was twenty days after service of the complaint, but the Michiana Corporations failed to timely

---

[1] The complaint named additional defendants, but they are not active parties to this appeal.

answer. Webster moved for entries of default on May 31, 2016, twelve days after the deadline to answer, and the trial court granted Webster's motion.

[5] The Michiana Corporations belatedly filed their Answers and Affirmative Defenses (the "Answers") on June 21, 2016, and Webster moved to strike the Answers on the basis that default had been entered. The Michiana Corporations then filed Trial Rule 60(B) motions seeking to set aside the entries of default due to excusable neglect. Each Trial Rule 60(B) motion included an affidavit from Yassine, and both the motions and the affidavits stated that Yassine was an immigrant and non-native English speaker who, in the past year, had been frequently hospitalized for medical complications caused by lung cancer. The motions stated that Yassine did not fully comprehend his obligation to respond, and Yassine averred that he had difficulty understanding legal documents in English. The affidavits also stated that Yassine "sought to determine if [the driver] was acting in the scope of his employment as an independent contractor during the alleged incident," App. at 46, 52, and that he eventually "indicated to [his] attorney that [the taxi driver] was not acting as an independent contractor during the alleged incident." App. at 47, 53. Webster opposed the Trial Rule 60(B) motions.

[6] The trial court heard oral argument on Webster's motion to strike and the Michiana Corporations' motions. On October 24, 2016, the trial court denied Webster's motion to strike and granted Trial Rule 60(B) relief to the Michiana Corporations, thereby setting aside the entries of default.

This appeal followed.

# Discussion and Decision

Trial Rule 60(B) provides a means for parties to seek relief from an order or judgment, including from entry of default. *See* Ind. Trial Rule 60(B) (providing several grounds upon which a party might seek relief); *Henline, Inc. v. Martin*, 169 Ind. App. 260, 348 N.E.2d 416, 419 (Ind. Ct. App. 1976) (determining that a party need not wait for default judgment but may attack entry of default by means of a Trial Rule 60(B) motion). The rule is a permissive one, giving the trial court latitude to relieve a party upon proper motion. *See* T.R. 60(B) (providing that the trial court "may" relieve a moving party "upon such terms as are just"). In ruling on a Trial Rule 60(B) motion, the trial court must balance the need for an efficient judicial system with the preference for deciding disputes on the merits. *Huntington Nat. Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015). Indeed, "Indiana law strongly prefers disposition of cases on their merits." *Coslett v. Weddle Bros. Const. Co., Inc.*, 798 N.E.2d 859, 861 (Ind. 2003).

A ruling on a Trial Rule 60(B) motion is deemed a final judgment from which an appeal may be taken. T.R. 60(C). On appeal, we give substantial deference to the trial court's decision to grant or deny relief, limiting our review to whether the trial court abused its discretion. *Huntington*, 39 N.E.3d at 655. The trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted

the law. *Id.* Furthermore, in conducting our review, "we will not reweigh the evidence or substitute our judgment for that of the trial court." *Id.*

[10] Here, the Michiana Corporations sought relief for the reason of excusable neglect, which is one reason recognized by Trial Rule 60(B). *See* T.R. 60(B)(1). When a party seeks relief on this basis, the party must also "allege a meritorious claim or defense." T.R. 60(B). Webster contends that the Michiana Corporations not only failed to demonstrate excusable neglect but also failed to allege a meritorious defense. We address Webster's arguments in turn.

## Excusable Neglect

[11] "A trial court will not be found to have abused its discretion 'so long as there exists even slight evidence of excusable neglect.'" *Coslett*, 798 N.E.2d at 861 (quoting *Sec. Bank & Trust Co. v. Citizens Nat. Bank of Linton*, 533 N.E.2d 1245, 1247 (Ind. Ct. App. 1989)). Yet, "'[t]here is no general rule as to what constitutes excusable neglect under Trial Rule 60(B)(1).'" *Huntington*, 39 N.E.3d at 655 (quoting *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1254 (Ind. Ct. App. 1999), *trans. denied*). Rather, when deciding whether to grant relief "because of excusable neglect, the trial court must consider the unique factual background of each case." *Coslett*, 798 N.E.2d at 861.

[12] In arguing that the Michiana Corporations failed to demonstrate excusable neglect, Webster directs us to several cases in which we affirmed the denial of Trial Rule 60(B) relief. Yet, this case presents a different question: whether the trial court abused its discretion in granting relief. Here, just twelve days after

the Michiana Corporation missed their deadline to answer, Webster obtained entries of default against them. Not long after, the Michiana Corporations sought to defend the lawsuit, and explained their failure to timely answer: their registered agent was an immigrant business owner who had trouble understanding documents in English and had been frequently hospitalized due to lung cancer. These unique circumstances present—at a minimum—slight evidence of excusable neglect, and slight evidence is all that is required. Thus, Webster has not directed us to reversible error in this respect.

## Meritorious Defense

Trial Rule 60(B) states that a party must "allege" a meritorious defense but "provides no further guidance as to what constitutes a proper allegation under the rule." *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1238 (Ind. Ct. App. 2007). The Indiana Supreme Court has articulated that the rule "merely requires a prima facie showing of a meritorious defense, that is, a showing that 'will prevail until contradicted and overcome by other evidence.'" *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006) (quoting *Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind. 1999)). In other words, the movant must make a prima facie showing that granting the motion will not be an empty exercise. *See id.* We have concluded that a party need not present admissible evidence to satisfy this requirement. *Shane*, 869 N.E.2d at 1232. Rather, "[i]t is up to the trial court to determine on a case-by-case basis whether a movant has succeeded in making a prima facie allegation." *Id.*

In determining that the Michiana Corporations alleged meritorious defenses, the trial court looked to language in the Answers, noting that the Michiana Corporations denied that the driver was an employee. Webster does not contend that the trial court improperly looked to the Answers, but instead argues that the Michiana Corporations have not shown that their defenses "have any merit or are in any way supported by the facts of this case." Appellant's Br. at 24. Yet, we note that a movant's burden in this regard is low, given that a Trial Rule 60(B) motion "usually occurs during the initial stages of a case, making the acquisition and preparation of admissible evidence especially difficult." *Shane*, 869 N.E.2d at 1238.

Here, the Michiana Corporations denied that the driver was an employee, and Yassine's affidavits characterize the driver as having "employment as an independent contractor." Appellant's App. Vol. II at 46, 52.[2] Given that the Michiana Corporations denied employing the driver, and in light of general references to the driver being an independent contractor,[3] there is support for

---

[2] It would have been more artful to use a term other than "employment" there, and in subsequent statements, but we disagree with Webster that use of the term "employment" on several occasions constituted a judicial admission that the driver was an employee. Webster presumably seeks to identify a judicial admission so that he may question the merits of the asserted defense, in that common carriers "have a non-delegable duty to protect . . . passenger[s], regardless of whether [an employee's] act is within the scope of employment." *Gilbert v. Loogootee Realty,* LLC, 928 N.E.2d 625 (Ind. Ct. App. 2010), *trans. denied*. Nonetheless, we do not think that such statements amounted to a judicial admission. *See Saylor v. State*, 55 N.E.3d 354, 363 (Ind. Ct. App. 2016) (observing that "[t]o constitute a judicial admission, the attorney must make a clear admission of a material fact" and that "[i]mprovident or erroneous statements" resulting from "unguarded expressions" or "mere casual remarks" do not amount to judicial admissions) (internal quotation marks omitted), *trans. denied*.

[3] It is true that Yassine averred that he "indicated to [his] attorney that [the driver] was not acting as an independent contractor during the alleged incident," Appellant's App. at 47, 53, but the trial court was entitled to take this statement in context—and several statements in the Michiana Corporations' motions and

the trial court's conclusion that the Michiana Corporations alleged adequate defenses. *See Bagley v. Insight Communications Co., L.P*, 658 N.E.2d 584, 586 (Ind. 1995) ("In Indiana, the long-standing general rule has been that a principal is not liable for the negligence of an independent contractor"); *see also See Hoosier Health Sys., Inc. v. St. Francis Hosp. & Health Centers*, 796 N.E.2d 383, 387 (Ind. Ct. App. 2003) (noting that "[w]here the purpose of a rule is satisfied, [we] will not elevate form over substance," and determining that although the movant did not expressly invoke "meritorious claim" language in its motion, the motion nonetheless "adequately advised the trial court" of the claim).

[16] Ultimately, the extreme remedy of default judgment—and, by extension, entry of default—"'is not a trap to be set by counsel to catch unsuspecting litigants' and should not be used as a "gotcha" [device] when an email or even a phone call to the opposing party inquiring about the receipt of service would prevent a windfall recovery and enable fulfillment of our strong preference to resolve cases on their merits." *Huntington*, 39 N.E.3d at 659 (quoting *Smith*, 711 N.E.2d at 1264). Here, it was approximately two weeks between the missed deadline to answer and when Webster obtained entries of default. Thereafter, it was only a few weeks until the Michiana Corporations sought to defend the lawsuit on its merits. Undoubtedly, the Michiana Corporations ought to have selected a different registered agent. Nonetheless, under Trial Rule 60(B), the

accompanying affidavits, and at the hearing, related to whether the driver was furthering their businesses at the time of the alleged collision. Thus, the language "acting as" could be reasonably read to reference whether the driver was engaged in his assigned duties for the Michiana Corporations.

trial court was to evaluate the unique circumstances of the case in light of Indiana's strong preference for deciding disputes on the merits. *See id.* at 655. Here, the Michiana Corporations presented the minimal evidence required when claiming excusable neglect, and they also alleged prima facie defenses. Moreover, Webster faced little prejudice due to the relatively brief delay. Given the circumstances and the adequacy of the motions, we cannot say that the trial court abused its discretion when it set aside the entries of default and gave the Michiana Corporations the opportunity to defend the merits of the lawsuit.

# Conclusion

[17] The trial court did not abuse its discretion when it granted the Michiana Corporations' Trial Rule 60(B) motions.

[18] Affirmed.


Vaidik, C.J., concurs.
Robb, J., concurs in result with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory D. Webster,

*Appellant-Plaintiff,*

v.

Michiana Transportation, Inc.
and Michiana Transportation of
South Bend, Inc.,

*Appellees-Defendants.*

Court of Appeals Case No.
71A03-1611-CT-2706

**Robb, Judge, concurring in result.**

[19] I acknowledge only slight evidence of excusable neglect and a prima facie showing of a meritorious defense is necessary to warrant setting aside a finding of default, but I write separately to emphasize the facts of this case present the *narrowest* of margins supporting the trial court's decision to grant relief to the Michiana Corporations.

[20] The majority notes Webster obtained his entry of default "just" twelve days after the Michiana Corporations failed to file an answer, and the Michiana Corporations filed their answer "not long after" the finding of default was entered. Slip op. at ¶ 12. Although the length of the delay is certainly a consideration in determining whether the neglect was excusable, I would not

characterize the time between the failure to answer and the entry of default as "just" twelve days, nor would I characterize the Michiana Corporations' eventual response as being filed "not long after." Our trial rules impose time limits and there are consequences for not meeting them, whether the delay be two days, twelve days or six months. Moreover, Yassine may be a non-native English speaker with health issues that impacted his personal ability to respond to Webster's lawsuit, but he, as owner and president, had also designated himself the registered agent of his company. If he was unable to fulfill the duties of a registered agent, whether because his health precluded it or because his understanding of legal documents was limited, he should have designated a different registered agent. He also apparently had an attorney at or near the time this litigation was commenced. *See* Appellant's Appendix, Volume II at 46 (Yassine's affidavit in support of motion to set aside default, stating, "In approximately the first week of June I received a phone call from my attorney's office asking if I was aware of this case."). Yet, an answer was not filed until at least one month after the time to respond had passed.

[21]     If the facts listed above were the only considerations, I would be inclined to say the trial court abused its discretion in finding evidence of excusable neglect. However, it appears the trial court entered only an interlocutory finding of default and had not yet entered a default judgment when the Michiana Corporations sought relief. *See* Supplemental Transcript at 3 (trial court stating at motion to set aside hearing that the finding of default "was never reduced to a judgment"). Webster still needed to apply for a judgment and establish his

damages. Because the length of the delay is not excessive and because Webster did not yet have a default judgment, this case was still pending when the Michiana Corporations filed their motion to set aside the finding of default. Under these circumstances, I agree the trial court did not abuse its discretion in finding slight evidence supporting excusable neglect by the Michiana Corporations.

[22] With regard to the Michiana Corporations' alleged meritorious defense that the driver was an independent contractor for whose negligence the Michiana Corporations was not liable, I am concerned that Yassine specifically said in an affidavit that the driver was *not* acting as an independent contractor. *See* Appellant's App., Vol. II at 47. Yet the trial court chose to credit statements in the Michiana Corporations' answer and motion to set aside that denied liability for the driver's actions because he *was* an independent contractor. *See* Appellant's App., Vol. II at 24-25, 43. The majority in a footnote approves "reasonably read[ing]" the evidence to support the trial court's decision to do so. Slip op. at ¶ 15 n.3. But the burden is on the movant to prove his meritorious defense, *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1258 (Ind. Ct. App. 1999), *trans. denied*, and I believe it is questionable whether the Michiana Corporations did so here. Nonetheless, because the movant must only make a prima facie showing of a meritorious defense and there is *some* evidence, even if it is self-serving and conflicts with other evidence, that supports the notion the driver was an independent contractor, and also because we prefer that cases be decided on their merits, I concur in the result reached by the majority that the

trial court did not abuse its discretion in granting relief to the Michiana

Corporations here.