## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2018, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Sammons
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE

Kristin A. Mulholland
Crown Point, Indiana

Michael P. Irk
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marina Cartage, Inc., et al.

*Appellants-Defendants,*

v.

Cintas Corporation,

*Appellee-Plaintiff*

February 28, 2018

Court of Appeals Case No.
37A05-1709-PL-2146

Appeal from the Jasper Superior Court

The Honorable James R. Ahler, Judge

Trial Court Cause No.
37D01-1511-PL-928

**Altice, Judge.**

## Case Summary

Cintas Corporation a/s/o Cintas (Cintas) filed a complaint for damages against Harvey L. Windmon, Sr., and Windmon's purported employers, MAT Leasing, Marina Cartage, Inc., and Marina Waste, Inc. (collectively, the Corporate Defendants). Windmon and the Corporate Defendants (collectively, the Defendants) each failed to appear and were defaulted. They promptly filed a joint motion to set aside the default judgment, alleging excusable neglect and a meritorious defense. Following a hearing, the trial court denied the motion to set aside. On appeal, the Defendants argue that the trial court abused its discretion in this regard.

We affirm.

## Facts & Procedural History

In December 2013, Cintas's insured Joseph Frank was involved in a motor vehicle accident on Interstate 65 in Jasper County. Cintas paid $28,954.63 on Frank's behalf as a result of the collision and then filed a subrogation claim against each of the Defendants on November 16, 2015. Cintas alleged in the complaint that during the course and scope of Windmon's employment with the Corporate Defendants, Windmon carelessly and negligently failed to maintain control of his vehicle, crossed into Frank's lane of travel, and struck Frank's vehicle.

Cintas served Windmon with the summons and complaint by certified mail on November 18, 2015, at the address in Markham, Illinois that Windmon provided the investigating officer at the scene of the accident. Vonnie

Windmon accepted and signed for the certified mail at the residence that afternoon.

[5] Similarly, Cintas served each of the Corporate Defendants, in care of their registered agent, by certified mail on November 19, 2015. The Corporate Defendants all had the same registered agent – Michael Tadin with an address in Chicago, Illinois. Deborah Tadin accepted and signed for the certified mailing at this address.

[6] On March 7, 2016, Cintas filed a motion for default judgment because each of the Defendants had failed to appear in the matter. The trial court entered a default judgment that same day in the amount of $28,954.63. Michael Tadin, on behalf of the Corporate Defendants, received notice of the default judgment shortly after it was issued.

[7] On April 4, 2016, the Defendants filed a Notice of Defendants' Intent to File for Relief Under Rule 60 and Motion for Stay of Execution. The trial court granted a sixty-day stay on April 11, and the Defendants moved to set aside the default judgment on June 6, 2016. In addition to alleging a meritorious defense in the motion, the Defendants alleged that service upon the Corporate Defendants "was received by somebody other than the registered agent and the registered agent never received service or saw the summons or complaint." *Appellants' Appendix Vol. 2* at 17.

[8] The trial court held a hearing on the motion to set aside the default judgment on November 3, 2016. The Defendants argued that their failure to appear was

due to excusable neglect. In support, they offered the affidavit of Michael Tadin, which indicated that he is the registered agent for the Corporate Defendants and that he never personally received notice of the complaint. The Defendants did not dispute that service was sent to the proper address but argued that "the complaint simply never got to Mr. Tadin". *Transcript* at 6. No evidence was presented regarding what Deborah Tadin did with the mailings after she signed for them or how she was associated with the businesses. Moreover, the Defendants did not even attempt to make a showing of excusable neglect with respect to Windmon's failure to appear.

On June 14, 2017, the trial court issued its order denying the motion to set aside the default judgment. The Defendants filed a motion to correct error, which the trial court denied on August 18, 2017. The Defendants now appeal. Additional information will be provided below as needed.

## Discussion & Decision

A trial court's decision whether to set aside a default judgment is given substantial deference on appeal. *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1234 (Ind. Ct. App. 2007). "The trial court's discretion is broad in these cases because each case has a unique factual background." *Id*. Thus, in reviewing for an abuse of discretion, we will not reweigh the evidence or substitute our judgment. *Id*. We observe, however, that default judgments are not favored in Indiana, and "[a]ny doubt of the propriety of a default judgment should be resolved in favor of the defaulted party." *Id*.

[11] A default judgment may be set aside pursuant to Indiana Trial Rule 60(B)(1) upon a finding of excusable neglect so long as the motion to set aside is entered not more than one year after the judgment and the moving party also alleges a meritorious claim or defense. *Coslett v. Weddle Bros. Constr. Co., Inc.*, 798 N.E.2d 859, 860 (Ind. 2003). No clear standards exist for determining what constitutes excusable neglect. *Shane*, 869 N.E.2d at 1234. Excusable neglect has been found to include a breakdown in communication that results in a party's failure to appear. *Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind. 1999).

[12] The burden was upon the Defendants to present facts constituting excusable neglect.[1] *See Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 340 (Ind. 1983). They wholly failed to do so. Windmon's affidavit offered no explanation as to why he did not appear or inform his employer of the pending lawsuit. To establish excusable neglect, the Corporate Defendants relied exclusively on the affidavit of Michael Tadin, in which Tadin indicated that he had not personally received notice of the lawsuit. Notably, the Corporate Defendants did not offer the affidavit of Deborah Tadin or any evidence regarding what she did with the certified mailings after accepting them.

[13] The bareness of the Defendants' evidence was addressed in the following colloquy between the trial court and defense counsel:

---

[1] It is undisputed that the motion to set aside the default judgment was timely filed and that the Defendants alleged a meritorious defense.

[Court]:     Is there any dispute that the person who signed for those was not a representative of the company or at least there's – counsel's making there's been no such argument even made to the Court.

[Counsel]:    I don't have any information whether that person is an employee or associated with the company.  Um, I don't deny that they are because I simply do not have any information.  Ah, we will presume from the last name on the thing that they are probably associated some, somewhere in the company.

[Court]:     So – So again, again, walk me through the allegations though, they did, at least I have no evidence to the contrary, that some authoritative person on behalf of the company signed for it and then did what?

[Counsel]:    We don't know.  All I know is that the registered agent did not receive the ah, notice of the complaint….

****

[Court]:     So you gotta show excusable neglect before you even get to meritorious defense.  Um, so the excusable neglect exactly is that they don't know what happened?

[Counsel]:    That's all I – That's all I can offer Judge, is they don't know what happened um, from the time that the green card was signed for until they received the Default Judgment….

*Transcript* at 12-13.

The facts presented by the Defendants were insufficient to require the trial court to set aside the default judgment. *See Smith*, 711 N.E.2d at 1262. Indeed, there are no facts establishing that the neglect in this case – by both Windmon and the Corporate Defendants – was excusable. *See id.* (finding that the neglect was not excusable and distinguishing other cases where "the defendants did all that they were required to do but subsequent misunderstandings as to the assignments given to agents of the defendants resulted in the failure to appear").

As our Supreme Court has observed, "[t]he judicial system simply cannot allow its processes to be stymied by simple inattention." *Id*. The trial court did not abuse its discretion by refusing to find excusable neglect in this case.

Judgment affirmed.

May, J. and Vaidik, C.J., concur.